INHABITANTS OF THE CITY OF PLAINFIELD, PROSE-
CUTOR, v. FRANK L. CLEARY, JUDGE, ET AL., RE-
SPONDENTS.

Argued May 2, 1933—Decided September 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *William Newcorn.*

For the respondents, *Dolliver & Feaster, Horace E. Bunker*
and *Codington, Blatz & Smalley.*

PER CURIAM.

This writ brings up an order of the Union County Circuit
Court setting aside certain assessments for benefits against
properties in Plainfield growing out of the widening of
Church street, which was done as a local improvement. One
property, that of the trustees of the Rahway and Plainfield
Monthly Meeting of the Religious Society of Friends, fronts
on the widened street and is used as a church and graveyard.
The other properties are on Front street near the point where
the widened Church street deadends at Front street.

The propriety of an assessment against the cemetery prop-
erty was considered upon a writ of *certiorari* in *Vail* v. *Plain-
field,* 9 *N. J. Mis. R.* 817, where the Supreme Court held that
an assessment was proper. Appeal was then taken by the
Society of Friends to the Circuit Court to challenge the rea-
sonableness of the levy. There was testimony of the enhanced
value of the land by reason of the improvement. There was
also testimony that there was no increase in value because of

the fact that the land was used as a cemetery. The theory upon which the action of the Circuit Court is sought to be justified is that the matter of the use of the land is to be considered and, since a burial plot is no more valuable when fronting on a wide street in the center of a city than any other place, there should be no assessment.

No authority is cited for the stand taken by the Society of Friends and reliance is had entirely upon the testimony taken of experts to the effect that there is no increase in the value of the land. In a proceeding of this kind, the value of the land as such is what must be considered, without regard to the use to which the owner chooses to put it. We conclude the cancellation of the assessment should be set aside, and the assessment affirmed.

The properties of the other respondents are, as stated, located on Front street. Assessments were levied on Front street for a distance of one hundred and fifty feet on each side of the widened street. The contention is that these properties are so located as not to be benefited by the widening. Church street was widened from thirty-three feet to eighty feet. Directly opposite the dead end lies the property of Hubert Realty Company. The next property to the west is that of the respondent McCutcheon estate, with a frontage of sixty-four and thirty-four-one hundredths feet, and next to the west is that of the other respondents having a frontage of forty-four feet, so these properties are all within approximately one hundred and ten feet of the widened street. The weight of the testimony indicates that there was an enhancement of value of these properties by reason of the improvement. It stands to reason that the section of East Front street near Church street would be more valuable by reason of that street being eighty feet wide than when it was only thirty-three feet. The evidence does not justify the action taken in the Circuit Court and the cancellation of these assessments is likewise set aside, and the assessments affirmed.